LANDRY, Judge.
The instant matter is another of the expropriation suits consolidated with Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369, in which contentions identical to those herein made regarding the exercise of plaintiff’s right of expropriation and the location and manner of construction of the proposed electric transmission line were disposed of contrary to the position of the landowners.
The property involved in the case at bar is shown to be part of a large improved farm situated approximately nine miles from the city limits of Covington, Louisiana, on the east side of a gravel road known as “Military Road”. At present said property is being used as farm and pasture land. The center line of the 125-foot servitude required by plaintiff enters defendant’s property at a point on Military Road 694 feet south of the northwest corner of the tract and continues across said property in a northeasterly direction striking the northern boundary thereof at a point 598 feet east of its northwest corner. The right of way cuts across the northwest corner of defendants’ property placing a triangular shaped parcel of said property west of plaintiff’s right of way or between the right of way and Military Road. It is agreed the servitude contains 3 acres of land and runs over a wooded knoll containing a good stand of long leaf pine. One tower will be constructed within this particular servitude at a point 335 feet east of Military Road.
*397 Plaintiff’s appraisers, Deano and Baldwin, classify defendant’s property as farm land valued at $250 per acre or $750 for the 3 acres included within the right of way and were of the opinion there would be no severance damages to the remainder of defendant’s property.
Defendant’s experts, Powell and Patecek, appraised the property at $400 per acre or $1,200 for the area within the servitude and expressed the opinion defendant’s remaining property would he depreciated in value to the extent of $3,500.
The court below awarded defendant compensation in the sum of $1,025 for the servitude expropriated and $1,600 severance damages. On appeal, plaintiff does not question the compensation allotted defendant for the property embraced within the right of way but contends merely that all severance damages should be denied defendant herein. In answering the appeal, defendant requests that compensation awarded for property taken be increased to $1,200 and severance damages raised to the sum of $3,500.
From the evidence of record in the instant case, it cannot be seriously contended subject property is anything but improved farm and pasture land. It is situated approximately nine miles from Covington in a rural area and in the midst of other farm properties of similar character and use. There are no subdivisions or commercial establishments in the near vicinity of subject property.
In estimating the value of defendant’s property, defendant’s experts alluded to two sales in one of which said transactions a tract of 40 acres was sold for $9,000 or a unit price of $225 per acre while in the other a parcel of land containing 11 acres was sold for approximately $145 per acre. Defendant’s witnesses sought to distinguish these transactions by pointing out that in their opinions the properties therein sold. contained only scrub oak or pine which rendered them less valuable than defendant’s property which is a high knoll covered with long leaf pine and slopes to a pond in the rear making it valuable as a homesite. Although defendant’s witnesses say this particular property could be sold as a home-site at $400 per acre, we believe such use to be purely speculative and conjectural considering their admission that they know of no such homesite being sold or offered for sale in the vicinity of defendant’s property.
The award by the learned trial court of $1,025 for the three acres included within the servitude constitutes a unit price of approximately $341 per acre which is approximately $100 per acre more than the valuation placed thereon by plaintiff’s experts and approximately $60 per acre less than the evaluation thereof by defendant’s witnesses. We believe that said award gave due consideration to the testimony of the witnesses for both parties and under the circumstances existing herein we see no valid reason to either increase or decrease said amount.
Defendant’s claim to severance damages is predicated on three premises: (1) the 3j4 acre triangular portion remaining north of plaintiff’s servitude is totally destroyed as a homesite having a value of $400 per acre or $1,400; (2) the area adjacent to the servitude and within 237 feet of the southern extremity thereof (comprising 6 acres) will suffer a 50% diminution in value or $1,-200 predicated upon its appraisal at $400 per acre; and (3) 15 acres of defendant’s land extending from the servitude, suitable for homesites and valued at $200 per acre or a total of $3,000, will be damaged 30% of their value or $900 because of the presence of the line. Defendant’s claim for severance damages in the instant case is without substantiation in the record. As previously stated, the highest and best use of the property is for agricultural and re *398 lated purposes. It is situated in a rural area surrounded by property dedicated to agricultural pursuits. No homesites have been sold in this area nor have any subdivisions been developed within any reasonable distance thereof. It is, of course, possible that the particular portion of defendant’s property affected by the servitude may have some potential market value as a homesite. There is nothing in the record to indicate said potential is anything but remote, speculative and conjectural. Except for the portion occupied by the tower, defendant may use the property within the servitude for agricultural purposes or cattle grazing. True, the timber within the servitude will be destroyed but the appraisal of both plaintiff’s and defendant’s experts considered the value of the property with the timber thereon. No severance damages are shown to defendant’s remaining property considering its highest and best use to be agricultural purposes. The triangle to the north of plaintiff’s right of way may continue to be used for either agricultural purposes or the growing of timber as defendant may elect and its value for either such use will not be diminished because of the proximity of plaintiff’s transmission line.
Defendant’s claim to severance damages to a strip 237 feet wide lying adjacent to the servitude on the south containing 6 acres and to IS acres extending beyond the servitude on the theory the valuation thereof for residential subdivision use will be diminished is clearly without merit considering the highest and best use of said property is shown .to be for agricultural purposes.
It follows the judgment of the trial court must, therefore, be amended to annul, rescind and set aside that portion thereof awarding defendant severance damages in the sum of $1,600 and as amended, affirmed.
Amended and affirmed.